Smith, J.
1. The original action was one brought to compel the return to the plaintiff of a policy of insurance on her life, of which she claimed to be the owner, and which she says was wrongfully detained from her by the defendant, who asserted a claim to it by assignment from her, which she asserted was obtained by duress and without consideration, and the prayer of the petition was that the defendant be compelled to transfer to her, in writing, free from any pretended claim of his upon it. This was not an action for the recovery of money or of specific personal property, in the meaning of section 5180 of the revised statutes, and a trial by jury was properly refused in the superior court.
*29 2. A promise by tbe holder of a note, made during coverture by a woman and her husband since deceased, to forbear proceedings to collect the same against her and the estate of her deceased husband, is a good consideration for an assignment of an insurance policy as collateral to the debt, though the estate of the husband is insolvent, and there may be a question as to whether the woman was liable on the note.
3. Where the policy of insurance so assigned is one on the endowment plan on the life of an assignor, then a married woman, for the sole benefit of her husband if she should die within 15 years and he be living at her death, and if not, the policy to be paid to their children, but if she should survive for 15 years, then the amount to be paid to her absolutely; and the husband dies before the wife, she has before the expiration of the 15 years such an interest in the policy as is the subject of assignment and transfer, unless the law places policies of insurance of this character on a different footing from other property or rights in action. The statute of this state, in force at the issuing and during the running of this policy, provided for the insurance by the husband of his own life for the benefit of his wife, and the proceeds to be free from the claims of his creditors to a certain amount, and for the insurance by a wife with her separate means of the life of her husband for her own benefit, free of the claims of his creditors —and on statutes substantially similar, the courts'of New York have held such policies non-assignable before maturity, on the ground that it was the object of the law to make provision for the family of the insured. This policy is not of either class, and we think, does not come under the terms of the statute, and the doctrine of the New York cases is not followed by the courts of some of the other states, and should not be followed in this case. (See Bliss on Life. Insurance, sec. 341, andy>os£).
The policy having become absolute in favor of the plaintiff by her living beyond the term of fifteen years, her assignee is entitled to the proceeds of it as.a security for his debt, according to the terms of the assignment.
4. Where the tanscript of the journal entries, filed with a petition in error, shows a motion for a new trial duly filed, *30 on the ground that the finding is against the evidence, and never disposed of by the court, but a bill of exceptions taken purporting to contain all the evidence, and a certificate by the trial judge that a motion for a new trial was filed and overruled, this will not take the place of the journal entry. Such overruling to be effectual must appear on the journal of the court, and can be shown only by a transcript therefrom ; R. S., sec. 4962. The office of a bill of exceptions is to bring upon the record what otherwise could not properly appear there, and it cannot take the place of the journal entry. (26 O. S., 463; 27 O. S., 597). Another case is cited in 3 Dig., 474. In such case the petition in error to reverse the judgment should be stricken from the docket, on the ground that the original action is still pending in the trial court. But if it appear that the motion, according to the transcript, was filed several days before the judgment was in fact entered, the reviewing court may treat the filing of the motion for a new trial as a nullity. Affirmed with costs.
Logan & Slattery, for plaintiff in error.
W. A. Hides & H. B. Turrill, for defendant in error.